IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **VERNARD BROWN, JR.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-CV-332-JDK-JDL |
| **LORIE DAVIS, ET AL.,** | § § § | |
| Defendants. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Vernard Brown, Jr., an inmate proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On November 26, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 15), recommending that (1) Plaintiff's § 1983 claims for money damages against Defendants in their official capacities should be dismissed without prejudice; (2) Plaintiff's § 1983 supervisory claims against Defendants Davis, Barnett, and Meador in their individual capacities should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1); (3) Plaintiff's claims for monetary damages under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendants should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1); and (4) Plaintiff's claims brought under RLUIPA against Defendants in their individual capacities should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). *Id.* at 10.

The Magistrate Judge also recommended that (1) Plaintiff's request for injunctive relief brought pursuant to RLUIPA should be allowed to proceed against all Defendants in their official

capacities; (2) Plaintiff's § 1983 claims against Defendants Taylor, Sherman, Biscoe, Fite, Gossett, Morrow, Brasher, Farris, Thompson, Toon, Totty, and Raheem in their individual capacities should be allowed to proceed; and (3) Plaintiff's request for injunctive relief under § 1983 should be allowed to proceed against all Defendants in their official capacities. *Id.* Plaintiff filed objections on December 11, 2019. Docket No. 18.

In his pleadings, Plaintiff states that he is a Modern Taoist and alleges that Defendants have not provided him with a diet that complies with his Modern Taoist practices. Docket No. 1 at 7; Docket No. 12 at 3–4. Plaintiff alleges that he has refused the food provided to him on several occasions because it does not comply with his religious beliefs. Docket No. 12 at 5–7. He claims that he has sent six requests to the food service manager and filed step-one and step-two grievances on this matter, but prison staff has not provided him with food that complies with his religious practices. Docket No. 1 at 7. As a result, he brings this suit against Defendants under 42 U.S.C. § 1983 and RLUIPA. Docket No. 12 at 10–11.

The Magistrate Judge first recommended that Plaintiff's § 1983 claims for money damages against Defendants in their official capacities should be dismissed without prejudice because these claims are barred by the Eleventh Amendment. Docket No. 15 at 4–5. Plaintiff did not object to this recommendation and instead stated that "Plaintiff is not suing any of the defendants for monetary relief in their official capacities." Docket No. 18 at 3. The Court therefore dismisses Plaintiff's claims for money damages against Defendants in their official capacities under § 1983.

Next, the Magistrate Judge recommended that Plaintiff's § 1983 supervisory claims brought against Defendants Davis, Barnett, and Meador in their individual capacities should be dismissed with prejudice pursuant to § 1915A(b)(1) because Plaintiff did not "allege any facts detailing the personal involvement of Defendants Davis, Barnett, and Meador in violation of his

constitutional rights." Docket No. 15 at 6. Plaintiff objects that these supervisory claims should not be dismissed because Defendants Davis, Barnett, and Meador "were made personally aware of [the] constitutional violation." Docket No. 18 at 2–3. Plaintiff also cites *Turner v. Safley* to argue that the prison regulations prevented him from receiving a diet in compliance with his religious tenets and infringed on his constitutional rights. *See id.*

"[A] supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sept. 30, 2015).

Plaintiff's objection thus fails because he alleged only "mere knowledge" by Davis, Barnett, and Meador. Further, *Turney v. Safley* does not support Plaintiff's argument because it does not alter Plaintiff's burden to plead a supervisor's personal involvement or a sufficient causal connection between the supervisor and the constitutional violation. *See Turner v. Safley*, 482 U.S. 78 (1987). Plaintiff's § 1983 supervisory claims against Defendants Davis, Barnett, and Meador in their individual capacities are therefore dismissed.

Finally, the Magistrate Judge recommended that Plaintiff's RLUIPA claims for monetary damages against Defendants and his RLUIPA claims against Defendants in their individual capacities should be dismissed with prejudice pursuant to § 1915A(b)(1). Docket No. 15 at 5–6. In his objections, Plaintiff agrees with the Magistrate Judge that RLUIPA does not "provide for [monetary] relief" and states that he "only intended to sue all the defendants in both their official and individual capacities for injunctive relief." Docket No. 18 at 2. However, "an

action under RLUIPA does not exist for individual-capacity claims." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 329 (5th Cir. 2009). Plaintiff's RLUIPA claims for monetary damages and RLUIPA claims against Defendants in their individual capacities are therefore dismissed with prejudice.

Having made a *de novo* review of the objections raised by Plaintiff to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Docket No. 15) be **ADOPTED**. It is further

**ORDERED** that the claims for money damages against Defendants in their official capacities under 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that Plaintiff's supervisory claims under 42 U.S.C. § 1983 against Defendants Davis, Barnett, and Meador in their individual capacities are **DISMISSED WITH PREJUDICE** pursuant to § 1915A(b)(1). It is further

**ORDERED** that Plaintiff's claims for monetary damages under RLUIPA against the Defendants in their official and individual capacities are **DISMISSED WITH PREJUDICE** pursuant to § 1915A(b)(1). It is further

**ORDERED** that Plaintiff's claims under RLUIPA against the Defendants in their individual capacities are **DISMISSED WITH PREJUDCIE** pursuant to § 1915A(b)(1). It is further

**ORDERED** that Plaintiff may proceed with his RLUIPA and § 1983 claims against all Defendants in their official capacities only for prospective injunctive relief. And, finally, it is

**ORDERED** that Plaintiff may proceed with his § 1983 claims against Defendants Taylor, Sherman, Biscoe, Fite, Gossett, Morrow, Brasher, Farris, Thompson, Toon, Totty, and Raheem in their individual capacities.

So **ORDERED** and **SIGNED** this **18th** day of **December, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE