# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VERNARD BROWN, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Case No. 6:19-CV-332-JDK-JDL** |
| | § | |
| **LORIE DAVIS, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Vernard Brown, Jr., an inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On March 18, 2020, the Magistrate Judge issued a Report and Recommendation (Docket No. 37), which recommends denying Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket No. 36). Plaintiff timely filed objections on April 3, 2020. Docket No. 40. As explained below, the Court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge.

## I.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). The standard of review for all

other findings and conclusions is "clearly erroneous, abuse of discretion and contrary to law." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## II.

Plaintiff raises two objections to the Report and Recommendation. *First*, Plaintiff objects to the Magistrate Judge's finding that his amended complaint did not raise a RLUIPA claim. Docket No. 40 at 1–2. Plaintiff states that his "amended complaint did not change the nature of this action from the original complaint, but merely added another defendant." *Id.* at 2. The Court agrees with the Magistrate Judge.

On January 9, 2020, Plaintiff filed an amended complaint. Docket No. 25. Plaintiff added a new defendant to his lawsuit, but he did not reiterate all the claims presented in his original pleadings. As the Magistrate Judge previously noted in a prior order, an amended complaint entirely supersedes and takes the place of an original complaint. Docket No. 22 at 1 (*Clark v. Tarrant Cty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986)). Plaintiff's amended complaint thus effectively extinguished the claims and facts alleged in his original pleadings. Plaintiff may have intended only to add a new defendant to his lawsuit, but the Court is bound by the facts and claims found in the four corners of Plaintiff's amended complaint.

Plaintiff's amended complaint raises at most only § 1983 claims against Defendants; it does not state a colorable RLUIPA claim or even assert that he is bringing a RLUIPA claim. Instead, Plaintiff's amended complaint states that he is suing Defendants Davis, Barnett, and Meador because of their supervisory roles within the prison system. Docket No. 25 at 5. He alleges Defendant Sparkman denied Plaintiff a religious accommodation for his religious diet. *Id.* And he asserts that Defendants Taylor, Sherman, Bisco, Fite, Gossett, Morrow, Brasher, Farris, Thompson, Toon, Totty, and Raheem refused to feed him according to his religious diet, when

approved, and discriminated against him because of his religion.  *Id.* at 5–6.  Nowhere, however, does Plaintiff cite RLUIPA or state that Defendants or their policies are "impos[ing] a substantial burden" on his religious exercise.  *See* 42 U.S.C. § 2000cc-1.

Compare this to Plaintiff's original complaint, in which he specifically mentioned RLUIPA in a grievance form attached to his complaint and therefore incorporated as part of his pleadings.  Docket No. 11, Ex. 2 at 1; *United States ex. rel Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) ("The exhibits attached to the complaint . . . are part of the complaint.").  The original complaint also specifically alleged his religious practices and stated that Defendants were imposing a substantial burden on his religious exercise.  *See* Docket No. 1 at 6 ("There was not a special johnnie for me in accord to my religious diet"); *Id.* at 7 ("[I] am still being brought mashed potatoes and other foods that are against my religious beliefs to eat."); *Id.* ("They often give me a gluten free johnnie at breakfast, but I do not eat peanut butter or corn tortillas, yet this is what the gluten free breakfast johnnies consist of.").  These allegations are entirely missing from the amended complaint.  The Court therefore overrules Plaintiff's first objection.

2.      Plaintiff's second objection attempts to raise new arguments to "fully address" the four elements necessary for a temporary restraining order and preliminary injunction because he did not "effectively address" them in his motion.  Docket No. 40 at 2–7.  However, "[n]ew claims and issues may not . . . be raised for the first time in objections to a Report and Recommendation."  *Andrews v. United States*, 4:16-CV-846, 2019 WL 913873, at *1 (E.D. Tex. Feb. 22, 2019) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).  Further, the Court agrees with the Magistrate Judge that Plaintiff failed in his original motion to carry his burden of persuasion as to the four elements for a TRO or preliminary injunction.  Docket No. 37 at 2 (citing *Libertarian Party of Tex. v. Fainte*r, 741 F.2d 728, 729 (5th Cir. 1984)).  His motion fails to address all of the

requirements, let alone make a clear showing that he has satisfied them.  As the Fifth Circuit has repeatedly held, a preliminary injunction "is 'an extraordinary remedy' which should only be granted if the party seeking the injunction has 'clearly carried the burden of persuasion' on all four requirements."  *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003) (quoting *Miss. Power & Light Co.*, 760 F.2d at 621).  The Court thus overrules Plaintiff's second objection.

### III.

The Court liberally construes pleadings and arguments from *pro se* parties like Plaintiff. *See Chriceol v. Phillips*, 169 F.3d 313, 315 (5th Cir. 1999).  But Plaintiff's amended complaint narrowed his claims, and his motion for a temporary restraining order and preliminary injunction simply did not provide the kind of showing necessary to be entitled to that extraordinary relief. *See, e.g.*, *Ali v. Stephens*, No. 9:09-CV-52, 2014 WL 495162, at *2–4 (E.D. Tex. Feb. 4, 2014) (granting preliminary injunction where plaintiff showed a substantial likelihood of success on the merits under Fifth Circuit precedent and a loss of religious freedom because of TDCJ's no-beard policy); *Gonzalez v. Corrections Corp. of Am.*, 344 F. App'x 984, 986 (5th Cir. 2009) (vacating and remanding district court order denying preliminary injunctive relief where plaintiff alleged that he was "being denied religious meals, which resulted in his being denied all food on certain occasions" and often was provided "nutritionally inadequate food").

### IV.

Having made a *de novo* review of the objections raised by Plaintiff to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit.  The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Docket No. 37) be **ADOPTED**.  It is further

**ORDERED** that Plaintiff's motion for preliminary injunction and temporary restraining order (Docket No. 36) is **DENIED WITHOUT PREJUDICE**.

So **ORDERED** and **SIGNED** this **20th**   day of  **April, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE